# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CAROL PERSIA,**

   **Plaintiff,**

**v.**             **Case No: 6:23-cv-1663-PGB-DCI**

**TAB RESTAURANT GROUP, LLC,**

   **Defendant.**

_____

# ORDER

   This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Default Final Judgment (Doc. 19)** |
| **FILED:** | **December 27, 2023** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

   Plaintiff initiated this case against Defendant for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act. Doc. 1. Plaintiff also brings a separate breach of contract claim based on an alleged employment agreement and "associated profit-sharing Plan to pay for Plaintiff's wages." *Id*. at 18-20. The Clerk has entered default (Doc. 17) and pending before the Court is Plaintiff's Motion for Default Final Judgment. Doc. 19 (the Motion). Plaintiff submits a declaration in support of the Motion and a Bill of Costs. Docs. 19-1 (Plaintiff's Declaration); 19-2.

   While Plaintiff brings the Motion pursuant to Federal Rule of Civil Procedure Rule 55(a), the Clerk has already entered default in this matter. The Court construes the request under Rule

55(b)(2) since Plaintiff moves for the Court to enter final default judgment.  The Motion, however, is due to be denied for failure to comply with Local Rule 3.01(a).  Namely, Plaintiff does not include a legal memorandum of law in the Motion or the Statement in support of the request.  *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").  Instead, Plaintiff provides a citation to Federal Rule of Civil Procedure 55 which is insufficient for the Court to adequately determine if default judgment is appropriate.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Complaint includes five causes of action under federal and Florida law, but Plaintiff cites to no authority and gives no analysis to address the elements of any of the causes of action under the applicable law.  Plaintiff's only reference is to Florida Statutes section 448.08 in support of the request for costs.  Doc. 19 at 2.  As such, Plaintiff has not set forth the elements for her discrimination, retaliation, or breach of contract claims nor has Plaintiff demonstrated how the well-pled allegations of the Complaint establish each element.  *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020)

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 U.S. Dist. LEXIS 38271, at *3 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).  Further, Plaintiff must establish that the Court has personal jurisdiction over Defendant, but Plaintiff does not even mention jurisdiction.  *See* Doc. 19.

Moreover, if Plaintiff refiles the request for relief, Plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).  Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  The Court recognizes that Plaintiff's Declaration includes a breakdown of the requested damages, but there is no adequate citation to authority with discussion to support the request.

Should Plaintiff decide to renew the request for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a) and, in particular, address the elements of the causes of action for

which default judgment is sought and the specific, well-pled facts in the operative pleading that satisfy each of those elements, as well as personal jurisdiction.

Finally, Plaintiff has prematurely filed the Bill of Costs as judgment has not been entered and has improperly attached it to the Motion.

Based on the foregoing, it is **ORDERED** that:

1.  the Motion (Doc. 19) is **DENIED without prejudice**; and

2.  **on or before February 2, 2024,** Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules of this Court.

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**DONE AND ORDERED** in Orlando, Florida on January 11, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties