UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAROL PERSIA,**

        **Plaintiff,**

v.                                                     **Case No: 6:23-cv-1663-PGB-DCI**

**TAB RESTAURANT GROUP, LLC,**

        **Defendant.**

___

**ORDER**

    Carol Persia (Plaintiff) filed a Complaint against Tab Restaurant Group, LLC (Defendant) for sex discrimination and harassment under Title VII of the Civil Rights Act (Title VII) and the Florida Civil Rights Act (the FCRA) (Counts I and II), retaliation based on sex in violation of Title VII and the FCRA (Counts III and IV), and breach of contract under Florida law (Count V). Doc. 1. Defendant did not respond to the Complaint and on November 21, 2023, the Clerk entered default. Doc. 17.

    Defendant previously moved for final default judgment, but the Court denied the request because it was insufficient. Doc. 21 (the Initial Motion). Namely, Plaintiff did not include a legal memorandum in compliance with Local Rule 3.01(a) and failed to establish that the well-pled facts satisfy each element of her causes of action. Doc. 21. The Court also found that the Initial Motion was inadequate because Plaintiff did not establish jurisdiction. *Id*. As such, the Court directed Plaintiff to address the deficiencies if Plaintiff renewed the motion. *Id*.

    Plaintiff has since filed a Renewed Motion for Default Judgment on all claims. Doc. 22 (the Motion). Plaintiff addresses the elements of the causes of action and service of process, but the Court is still not convinced that it has jurisdiction over Defendant. A court must ensure

adequate service of process because a court lacks jurisdiction over a defendant who is not properly served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). The Rule provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed.R.Civ.P. 4(h)(1)(B).

A limited liability company may also be served by following the law of the state in which the district court is located or in which service is affected. Fed.R.Civ.P. 4(h)(1)(A), 4(e)(1). Florida Statutes section 48.062 governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf.[1] A plaintiff must first attempt service on the LLC's registered agent. Fla. Stat. § 48.062(2). The statute provides the following alternative in the event the registered agent cannot be served:

> If service cannot be made on a registered agent of the domestic limited liability company or registered foreign limited liability company because the domestic limited liability company or registered foreign limited liability company ceases to have a registered agent, or if the registered agent of the domestic limited liability

---

[1] "[S]ection 48.062 was substantively amended effective January 2, 2023." *Eugene v. Goodleap, LLC*, 2024 WL 1179836, at *2 (S.D. Fla. Mar. 1, 2024), *report and recommendation adopted by* 2024 WL 1174174 (S.D. Fla. Mar. 18, 2024) (citing Ch. 2022-190, § 3, Laws of Fla.; *McGlynn v. Mia. Diario LLC*, 2023 WL 4251553, at *4 (S.D. Fla. June 29, 2023)).

> company or registered foreign limited liability company cannot otherwise be served after one good faith attempt *because of* a failure to comply with this chapter or chapter 605, the process may be served on any of the following:
>
> > (a) Any manager of a manager-managed domestic limited liability company. . .,
> >
> > (b) Any member of a member-managed domestic limited liability company. . .,
> >
> > (c) Any person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3) (emphasis added).

Plaintiff claims that service of process was sufficient under federal and Florida law. Doc. 22 at 3. The Court is not so sure for several reasons.

First, the Court is not satisfied that Plaintiff's attempted service on the registered agent was adequate under the law. Plaintiff states that the process server attempted to serve Defendant's registered agent, however, the address listed with Florida's Division of Corporations—13506 Summerport Village Parkway #304, Windermere, Florida 34786—was a UPS store with mailboxes. Doc. 22 at 4. The process server "returned the summons unexecuted because PMB/PO Box after attempting service at [the listed address]." Doc. 22-4. Plaintiff concludes that since the address was a UPS store, "there was no one at that address to be served." Doc. 22 at 4. This statement alone is not enough to demonstrate two things under section 48.062(2): (1) that the attempt was a sufficient "good faith" effort; and (2) that Defendant could not be served because Defendant failed to comply with the Florida law. It seems that it is Plaintiff's position that the process server was justified in abandoning future attempts at service upon the discovery that the registered agent's address was a UPS store. *See* Doc. 22 at 4. If so, Plaintiff must establish—by for example, citation to legal authority—that this attempt alone meets the "good faith" standard *and* demonstrates that service could not be made because of Defendant's non-compliance with Chapters 48 and 605. As it stands, Plaintiff has done neither.

Second, even if Plaintiff can demonstrate that the process server's attempt on the registered agent was adequate, Plaintiff must still show that the alternative method of service was sufficient. Plaintiff has not done so. According to the Return of Service, the process server states:

> I delivered the documents to david visby who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 55-65 years of age, 5'8"—5'10" tall and weighing 180-200 lbs.

Doc. 12. As such, the process server indicated that they "served the summons on david visby, who is designated by law to accept service of process on behalf of TAB RESTAURANT GROUP, LLC at 4270 Aloma Ave suite 140, Winter Park, FL 32792 on 09/27/2023 at 3:20 PM[.]" *Id*.

Plaintiff claims that "the person who was served at the Defendant's business location was authorized to accept service on behalf of Defendant, as evidenced by the Affidavit of Service" and "[t]his method of service was proper based on federal and Florida law. Doc. 22 at 3.

Plaintiff's summary conclusions do not help the Court. As an initial matter, it is not clear in what capacity David Visby is "designated by law to accept service" on behalf of Defendant. Neither Plaintiff nor the process server provide this information and David Visby does not appear to be listed on any of the paperwork filed in relation to Defendant's business—including the last annual report—found on the Florida Division of Corporations' website. *See* www.sunbiz.org; *see also* Doc. 22-3. As such, the Court cannot ascertain if David Visby is "designated" under section 48.062(3) or Rule 4. Also, while Plaintiff refers to the Aloma Avenue address as "Defendant's business location," that address does not appear as Defendant's principal address, mailing address, or the registered agent's address on the Florida Division of Corporations' website. *See id*. Accordingly, it is not clear why Plaintiff deems this to be the "business location" and if that characterization is significant under the law.

Further, if Plaintiff claims that service on David Visby was sufficient based simply on this individual's statement to the process server that they are authorized to accept service, then Plaintiff must provide the Court with authority in support of that proposition.

Finally, to the extent Plaintiff contends that Defendant was properly served through David Visby under Rule 4(h)(1)(B), the Court needs more than Plaintiff's bald assertion that David Visby is authorized to accept service.

Based on the foregoing, the Court has determined that a supplemental brief with a legal memorandum on the issue of service of process is necessary to address the Court's concerns regarding the attempted service on the registered agent and service on David Visby.

It is, therefore, **ORDERED** that **on or before April 29, 2024**, Plaintiff shall file a supplement to the Motion (Doc. 22) to demonstrate the sufficiency of service of process and personal jurisdiction.

Plaintiff's failure to comply with this Order within the allotted time may result in the dismissal of the case without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 10, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties